■ In the Matter of RONALD A. JACKSON, Appellant, v WHITE PLAINS HOUSING AUTHORITY et al., Respondents. [637 NYS2d 752] —In a proceeding pursuant to CPLR article 78 to review a determination of the White Plains Housing Authority dated September 14, 1993, which precluded the petitioner from participating, directly or indirectly, in the process pursuant to which programs of the United States Department of Housing and Urban Development are adopted, debated, accepted, and

carried out, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Cowhey, J.), entered August 1, 1994, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The respondent White Plains Housing Authority (hereinafter the WPHA) is a municipal housing authority established under Public Housing Law § 422. The WPHA is qualified as a "public housing agency" under Federal laws, including the Department of Housing Act of 1937 (hereinafter the 1937 Act) (42 USC § 1437 *et seq.*) and the Department of Housing and Urban Development Act (hereinafter the HUD Act) (42 USC § 3531), and is subject to Federal statutes and regulations regarding the development, operation, and management of its units (24 CFR part 24). The WPHA is comprised of seven commissioners; five are appointed by the Mayor of White Plains and two are elected as tenant-representatives for two-year terms (Public Housing Law § 30 [2], [5]). The petitioner, Ronald A. Jackson, has been an elected commissioner since 1980.

On September 14, 1993, the WPHA passed resolution 93-79 precluding the petitioner from participating, directly or indirectly, in HUD-related matters coming before it. The resolution was originally based on a Limited Denial of Participation (hereinafter the First LDP) issued against the petitioner on October 22, 1992, as a "participant" and a "principal" under 24 CFR 24.105 (m) and (p), in his position as a board member of the WPHA. The First LDP arose out of the petitioner's conviction on March 26, 1991, of criminal possession of a forged check related to the HUD project (24 CFR 24.705 [a] [8]; [b]; 24.710 [a] [1]; 24.305 [a] [1], [3], [4]). By its terms, the First LDP would have expired one year later. However, a Second LDP was issued against the petitioner on September 30, 1993, for his indictment on two counts of bribe receiving in the third degree, also involving alleged HUD property.

Under the circumstances, the WPHA's actions in passing the Resolution were proper. As part of the 1937 Act and the HUD Act, Congress conferred broad authority on HUD to promulgate regulations for participating public housing authorities, such as the WPHA, that are entitled to financial assistance pursuant to the Annual Contributions Contracts between HUD and the WPHA. Among such regulations are those found in 24 CFR part 24. The First and Second LDP's against the petitioner were based on these regulations and were therefore valid and legally binding on the WPHA (see, e.g., *Thorpe v Housing Auth.,* 393 US 268; *Hess v Ward,* 497 F Supp 786, 798). In this context, the WPHA was obligated to give effect to HUD's sanction of non-participation. Resolution 93-79 achieved that purpose.

The WPHA was obligated to enforce the non-participation sanction against the petitioner in order to comply with Section 7 of the Annual Contributions Contract entered into with HUD to avoid losing substantial financial assistance (approximately $2,500,000 at the time) *(see also,* 24 CFR 24.305 [c] [2]).

The petitioner's remaining contentions are without merit. Sullivan, J. P., Santucci, Friedmann and Krausman, JJ., concur.